UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

ANTOINE DWAYNE RILEY,

             Defendant.

                                    Case No. 2:23-cr-0139
                                    JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Before the Court is Mr. Riley's Motion in Limine (Mot., ECF No. 34) and the Government's Response in Opposition (Opp., ECF No. 43). Trial in this matter is scheduled to commence on November 13, 2023. For the reasons stated below, Mr. Riley's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.      BACKGROUND

Mr. Riley was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 2.) The Government brought the charges against Mr. Riley after two firearms were discovered in Mr. Riley's residence. (Mot., p. 2; Opp., p. 1.) Officers with the Columbus Division of Police were there responding to a 911 call from Ms. Debra Riley, Mr. Riley's mother. (*Id.*) When the officers initially arrived, Mr. Riley was inside an upstairs bedroom and refused to come out for over an hour. (*Id.*)  Ms. Riley informed the police that Mr. Riley had pushed her down and stomped on her face with his foot. (Opp., p. 1.) She also informed the officers that she believed that Mr. Riley may have a gun. (*Id.*)

After Mr. Riley surrendered to police officers and was taken into custody, the officers conducted a protective sweep of the upstairs bedroom and discovered two firearms in an open

1

cardboard box at the front of a doorless closet. (Mot., p. 2; Opp., p. 2.) Mr. Riley was arrested and charged in Franklin County Municipal Court for domestic violence. (Mot., p. 1.) Those charges were later dismissed. (*Id*.)

Mr. Riley now seeks to exclude evidence of or testimony about Ms. Riley's call to 911 as well as any information related to the state court charge which was later dismissed. (Mot., p. 1.) The Government concedes it does not plan to play the 911 call for the jury, to elicit testimony regarding the underlying allegations of domestic violence, or to introduce any evidence related to the state court charge. (Opp., p. 3.)  Instead, the Government only intends introduce evidence that the police were at the scene in response to a "domestic violence call" or "DV call" to 911 and once at the scene, law enforcement spoke to witnesses. (*Id*.)

## II.    STANDARD OF REVIEW

Parties may raise preliminary questions relating to the admissibility of evidence before trial. *See* Fed. R. Evid. 104(a). Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court held that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (allowing motions in limine to avoid delay and ensure an evenhanded and expeditious trial). To exclude evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *Id.*

Evidence is not admissible if it is irrelevant. *See* Fed. R. Evid. 401, 402. To prove relevance, the evidence must have "any tendency to make the existence of a material fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401. A material fact is any

fact that is of consequence to the determination of the action. *Id.* But even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

### III.    ANALYSIS

Mr. Riley asks of the Court to exclude the following evidence (1) the content and/or purpose of the 911 call made by Ms. Debra Riley, and (2) the arrest, complaint, and/or dismissal of charges filed against Mr. Riley in *State v. Riley*, 2022 CR B 017599 in the Municipal Court of Franklin County Ohio. (Mot., p. 1.) The Government responds and concedes that it will not seek to introduce evidence of Mr. Riley's state court charge. (Opp., p. 1.) Since the Government will not seek to introduce evidence of the state court charge, this Court **GRANTS IN PART** Mr. Riley's Motion and excludes any reference to the state court charge in *State v. Riley*, 2022 CR B 017599. The Court now turns its attention to the admissibility of evidence related to the 911 call made by Ms. Riley.

Mr. Riley argues that evidence that the police were on the scene in response to a domestic violence call is irrelevant to his felon in possession charge and unfairly prejudicial. (Mot., p. 5.) The Government contends that it does not seek to play the 911 call for the jury or to elicit testimony about the nature of the domestic violence incident. (Opp., p. 3.)  Instead, the Government only seeks to introduce evidence that the officers were at the scene in response to a "domestic violence call" or "DV call" to 911 and once there, they spoke to witnesses. (*Id.*)

The Government's request is narrow, but the Court finds a further limitation is needed. Thus, the Courts finds that evidence that the police were at the scene in response to "911 call alleging a physical assault" is admissible background evidence.  Background or *res gestae*

evidence consists of "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Often background evidence is a "prelude to the charged offense" and "completes the story of the charged offense." *Id*. Proper background evidence must also have a "causal, temporal, or spatial connection with the charged offense." *Id.* Evidence that law enforcement seized weapons in a felon in possession case after being called to the scene on reports of domestic violence can be relevant background evidence and admissible as an exception to the general rule prohibiting the introduction of improper character evidence. *United States v. Sears,* No. 1:21-cr-28, 2021 U.S. Dist. LEXIS 143292, at *2 (N.D. Ohio Aug. 2, 2021) (finding a close enough temporal proximity between the underlying domestic violence allegations which occurred three days prior to the 911 call that led to the weapons seizure).

But this exception is "not an open ended basis to admit any and all other act evidence." *Hardy*, 228 F.3d at 748 (finding an abuse of discretion in admitting testimony of drug transactions that occurred six years prior to the charged offense); *United States v. Brown*, 888 F.3d 829, 838 (6th Cir. 2018) (citing *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015) (noting that district courts must guard against potential abuse). References to a defendant's remote criminal acts or criminal history, without a tangible temporary or causal connection to the crime charged, are not admissible under the *res gestae* exception. *See Brown*, 888 F.3d at 836-39. In *Brown*, the Sixth Circuit affirmed the defendant's conviction on a gun possession charge but held the district court committed a harmless error by admitting unredacted evidence of a 911 call where the caller discussed the defendant's history of domestic violence. *Id.* at 835-836. The domestic violence alleged did not occur in close temporal proximity to the gun possession

4

charge. *Id.* at 838. Thus, the evidence of domestic violence was not necessary to complete the government's story and should have been excluded as improper character evidence. *Id.*

The issues of temporal proximity in *Brown* are not present in this case. Both the allegations of domestic violence that generated the 911 call, and the call itself occurred in close temporal proximity to the crime charged. (Opp., p. 4.) But Mr. Riley is not before this Court on charges of domestic violence. Thus, he may be unfairly prejudiced if the Government introduces evidence of domestic violence. (Opp., p. 4 (citing Fed. R. Evid. 403.))

The Government has a right to tell the complete story of the charged offense and that includes explaining why the officers were at the scene where they recovered the firearms. *See Hardy*, 228 F.3d at 748. To guard against any unfair prejudice to Mr. Riley, only evidence that law enforcement responded to the scene in response to a "911 call alleging a physical assault" and spoke to witnesses once on the scene is admissible background evidence. Allowing such evidence in ensures that the jury is not left with unanswered questions which it could hold against the Government or Mr. Riley.

## IV.    CONCLUSION

 For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine (ECF No. 35).


**IT IS SO ORDERED.**

<u>11/6/2023</u>                              <u>s/Edmund A. Sargus, Jr.                    </u>
**DATE**                                      **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**