**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff-Respondent,**

**v.**

**Case No. 2:23-cr-139**
**JUDGE EDMUND A. SARGUS, JR.**

**ANTOINE DWAYNE RILEY,**

**Defendant-Movant.**

# OPINION AND ORDER

This matter is before the Court on Defendant Antoine Dwayne Riley's *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 93.) The Court ordered the Government to respond (ECF No. 94), and it did so (ECF No. 95). Mr. Riley replied to the Government's opposition brief. (ECF No. 96.) For the reasons explained below, the Court **DENIES** Mr. Riley's § 2255 Motion. (ECF No. 93.)

## I. BACKGROUND

The Sixth Circuit summarized the facts of Mr. Riley's case, which are incorporated by reference here:

> Early one morning, Riley's mother called 911 and reported that he had assaulted her in their home. When Columbus Police officers responded, she told them that Riley "had thrown her down on the ground and stomped her in the head and face several times." Officers also observed her corroborating "visible injuries." The officers then entered the home to contact Riley; he responded by barricading himself in his upstairs bedroom—his deadbolted door was just off the first floor living room, with stairs behind the door leading up to a small bedroom. During the almost two-hour standoff, officers learned Riley had guns in his bedroom. They also obtained warrants to arrest Riley for domestic violence and assault but did not obtain any search warrants. Before they could carry out the arrest warrants, Riley came downstairs and peacefully surrendered in the living room. What briefly happened next is central to this appeal.
>
> Four officers began a protective sweep of Riley's bedroom, which they captured on their body cameras. From the base of the stairs, Officer Kevin Kelley

> announced, "Columbus Police, make yourself known" and ascended to the bedroom with his service weapon drawn. Other officers followed. The bedroom was lofted and open with no door at the top of the steps. The officers briefly looked around the extremely cluttered and confined living space, including in a closet without doors. About twenty seconds after entering, officers can be heard saying "clear, clear" and "all clear" and started lowering their weapons. Kelley then asked whether anything was in "plain view." Seconds later, Kelley discovered two firearms in an open cardboard box that was in the doorway of the open closet. All told, officers were in the bedroom for a little over one minute.
>
> A grand jury indicted Riley, a felon, for unlawfully possessing those two weapons under 18 U.S.C. § 922(g)(1). Riley moved to suppress the guns, asserting that the officers had exceeded their authority to engage in a protective sweep by looking for items in plain view after concluding the room was "clear" of potential threats. Following a hearing, the district court disagreed and denied his motion. A jury ultimately convicted Riley as charged, and he now appeals the denial of his motion to suppress.

*United States v. Riley*, No. 24-3327, 2025 WL 1542310, at *1 (6th Cir. May 30, 2025).

The Sixth Circuit affirmed the denial of Mr. Riley's motion to suppress evidence gathered from the protective sweep. *Id.* at *3. The Circuit reasoned that although the Fourth Amendment instructs that a warrantless search is per se unreasonable, that principle is subject to a few established and well-delineated exceptions including the protective sweep. *Id.* *1 (citing U.S. Const. amend. IV; *United States v. Trice*, 966 F.3d 506, 512 (6th Cir. 2020)). There are two types of protective sweeps. The first requires no probable cause or reasonable suspicion and allows officer to "look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Id.* at *2 (quoting *United States v. Archibald*, 589 F.3d 289, 295 (6th Cir. 2009) (quoting *Maryland v. Buie*, 494 U.S. 325, 334 (1990))). The second type goes beyond the immediately adjoining areas but is confined to protective sweeps aimed at protecting the arresting officers. *Id.* (citing *Archibald*, 589 F.3d at 295).

The Sixth Circuit found that Mr. Riley had waived the argument that the officers lacked authority to sweep the bedroom at all, reasoning Mr. Riley's counsel had conceded the officers had a right to conduct a protective sweep of the upstairs bedroom immediately adjacent to his

place of arrest. *Id.* The Sixth Circuit did address the merits of Mr. Riley's preserved claim on appeal, that the officers were no longer lawfully present in his bedroom when they discovered his firearms. *Id.* The Circuit Court found that there was no clear error in this Court's finding of fact that the officers were still sweeping Mr. Riley's room when they saw his firearm in plain view, noting that there were places for a person to hide in the room and the sweep was less than one minute. *Id.* at *3.

With that background, the Court turns to Mr. Riley's § 2255 Motion. (ECF Nos. 90, 93.)

## II. STANDARD OF REVIEW

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion alleging constitutional error, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Where a factual dispute arises in a § 2255 motion, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (citing *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But a hearing is not required in every case, including where "the record conclusively shows that the petitioner is entitled to no relief." *Id.* (citing *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)).

## III. ANALYSIS

Mr. Riley makes the following arguments as to why his counsel was ineffective[1]: (1) she failed to challenge the police entry into the residence; (2) she stated in court that the protective sweep was legal; and (3) she did not object to the jury instructions. (ECF No. 93, PageID 972.) Mr. Riley also contends his rights were violated by the prosecutors regarding the jury instructions. (*Id.* PageID 972–73.)

The Sixth Amendment guarantees the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether ineffective assistance of counsel warrants a new trial. A defendant must demonstrate "(1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant." *Simmonds v. Bowen*, 841 F. App'x 838, 840 (6th Cir. 2021) (citing *Strickland*, 466 U.S. at 687).

"Under the first prong of the *Strickland* test, Defendant must show 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Leedy*, No. 1:16-cr-036, 2023 WL 3479996, at *6 (S.D. Ohio May 16, 2023) (Black, J.) (quoting *Strickland*, 466 U.S. at 688). *Strickland* instructs that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

[1] A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Randall v. United States*, 314 F.2d 800, 801 (10th Cir. 1963); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986). The Court could find that Mr. Riley has waived the attorney-client communication privilege for any communications relevant to his claims made in the § 2255 Motion. Yet Mr. Riley does not make arguments about privileged conversations between himself and Ms. Menashe, and so such a finding appears unnecessary.

reasonable professional assistance." *Strickland*, 466 U.S. at 689. Courts must avoid "the distorting effects of hindsight" to fairly assess attorney performance. *Id.*

As for the second *Strickland* prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Rather, counsel's performance must be prejudicial to be constitutionally ineffective. *Id.* at 692. To establish such prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court addresses each of Mr. Riley's four grounds below.

**A. Ground One**

Mr. Riley claims that his counsel, Diane Menashe, was deficient because she did not challenge or object to the legality of the police entry. (ECF No. 93, PageID 972.) He argues the police had no legal authority to enter the residence without a "search warrant, arrest warrant, exigent circumstances, nor consent." (*Id.* PageID 973.)

The Government responds that while searches conducted outside the judicial process without approval by judge or magistrate judge are unreasonable under the Fourth Amendment subject to a few exceptions, the officers in this case did not act without judicial approval because they had obtained arrest warrants for domestic violence and assault. (*Id.* PageID 993–94 (citing *Katz v. United States*, 389 U.S. 347, 357 (1967); ECF 42, PageID 104; ECF No. 83, PageID 390).) Additionally, Mr. Riley's sister consented to the police entry, and the prohibition on warrantless entry into someone's home does not apply when voluntary consent has been obtained from a third party who shares common authority over the residence. (*Id.* PageID 994 (citing *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990)).)

"Where defense counsel's failure to litigate a fourth amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). For the reasons explained by the Government, Mr. Riley cannot establish a meritorious Fourth Amendment claim.

Mr. Riley's citation to *Hendrix v. Palmer* does not convince otherwise because in that case, the Sixth Circuit held that a motion to suppress would have been meritorious, and there was no conceivable strategy for the defense not to file one. 893 F.3d 906, 922–23 (6th Cir. 2018). Here, a motion to suppress attempting to challenge the officer's entry into the residence would have had no merit because of the arrest warrant and consent. Further, Ms. Menashe appropriately exercised her discretion, filed a motion to suppress the guns, and decided what arguments to make in that motion. (*See* ECF No. 35.) Thus, the facts of this case distinguishable from *Hendrix.*

Mr. Riley's complaint about his defense counsel telling him he was only in control of making decisions involving taking a plea, going to trial, and testifying at trial does not persuade otherwise. (ECF No. 93, PageID 974.) His attorney appropriately explained the balance of powers between an attorney and client when presenting a defense. *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) (explaining the client retains authority to decide whether to plead guilty, waive the right to a jury trial, testify, and forgo an appeal, while the lawyer decides what arguments to make, objections to raise, and evidence to enter) (citing *Gonzalez v. United States*, 533 U.S. 242, 248 (2008); *Jones v. Barnes,* 463 U.S. 745, 751 (1983)).

Ms. Menashe's counsel met the standard of objective reasonableness under *Strickland*, and there is no need to analyze whether there was prejudice to Mr. Riley's defense. Mr. Riley's ineffective assistance of counsel claim on ground one fails.

**B. Ground Two**

In ground two, Mr. Riley argues that Ms. Menashe was ineffective because she admitted the protective sweep was lawful, and he contends it was not. (ECF No. 93, PageID 975–77.) In its response, the Government quotes the testimony from the Motion to Suppress Hearing that Mr. Riley is arguing about in his § 2255 Motion:

> Court: Are you making the argument that there shouldn't have been a protective sweep in the first place?
>
> Ms. Menashe: Absolutely not . . . the protective sweep is completely appropriate . . . 'Clear, clear' means they're done. They're done with what they were allowed under the Fourth Amendment to do up there. Therefore, any second after 'Clear, clear,' guns are holstered, is unreasonable, and we ask the court to grant our motion.

(ECF No. 95, PageID 996; ECF No. 83, PageID 458–59.)

The Government explains in its response—like the Sixth Circuit explains in its Opinion—that under *Buie*, as an incident to arrest, officers may look in closets and other spaces immediately adjoining the place of arrest where an attack could immediately be launched. (ECF No. 95, PageID 996 (citing 494 U.S. at 334–35).). But the look may not last longer than necessary to dispel the reasonable suspicion of danger. (*Id.* (citing *Buie*, 494 U.S. at 334–35).)

As the Court found, Mr. Riley's bedroom was immediately adjoining the place of arrest, and there were no issues with the validity of the sweep. (ECF No. 51, PageID 176–79.) The Sixth Circuit affirmed that finding on appeal. *United States v. Riley*, No. 24-3327, 2025 WL 1542310 (6th Cir. May 30, 2025). While Ms. Menashe did not challenge the validity of the sweep, she moved for suppression of the guns, arguing that the sweep was over before the guns

were discovered. This does not amount to deficient performance under *Strickland*—quite the opposite.

Mr. Riley relies on *United States v. Akrawi* to argue that the officers needed to have a reasonable belief that the second-floor dwelling harbored a dangerous individual before conducting a protective sweep. (ECF No. 93, PageID 975 (citing 920 F.2d 418 (6th Cir. 1990).) Yet, as the Government highlights, the *Akrawi* Court focused on the second test set out in *Buie* related to the search of non-adjoining areas (the "articulable facts and circumstance" test), but that test did not apply in Mr. Riley's case because Mr. Riley's bedroom was immediately adjoining the place of arrest. (ECF No. 95, PageID 997; *see* ECF No. 51, PageID 176–79.)

Ground two fails.

**C. Ground Three**

In ground three, Mr. Riley asserts that he received deficient counsel because Ms. Menashe failed to object to erroneous jury instructions. (ECF No. 93, PageID 977–80.) Mr. Riley specifically takes issues with the Court's instruction on the felon-in-possession elements to convict under 18 U.S.C. § 922(g)(1). (*Id.*) He argues the second element in the instruction conflicted with case law and was a "conflated / comingled" element created by the author of the jury instruction. (*Id.* PageID 978.) Mr. Riley also takes issue with a stipulation between the parties that he knew he had been convicted of a felony. (*Id.* PageID 978–79.)

The Government responds that the § 922(g)(1) instruction was taken directly from the Sixth Circuit's Pattern Jury Instructions. (ECF No. 95, PageID 1000.) The Government adds that the Sixth Circuit has held that when an ineffective assistance of counsel claim is predicated on counsel's failure to object to a jury instruction that is consistent with case law, the ineffective assistance of counsel claim has no merit. (*Id.* PageID 1001 (citing *United States v. Mahbub*, 818 F.3d 213, 231 (6th Cir. 2016) (citing *United States v. Jones*, 489 F.3d 243, 255 (6th Cir. 2007))).)

The Government highlights that while Mr. Riley argued his § 922(g)(1) instruction was contrary to *Rehaif v. United States*, 588 U.S. 225 (2019), the Sixth Circuit committee commentary states that the four elements listed in the pattern jury instructions directly follow the elements set forth in *Rehaif*. (*Id.* PageID 1001; *see* Sixth Circuit Pattern Jury Instructions Chapter 12, Page 5 (citing *Rehaif*, 588 U.S. at 230).)

The Court finds the Government's opposition arguments persuasive. There was no error in the § 922(g)(1) jury instruction or the way the Court read the jury instruction in open court. (*See* ECF No. 56, PageID 206; ECF No. 86, PageID 869–71.) The Government also cites on point case law in *Mahbub* and *Jones* supporting the proposition that failure to object to a jury instruction consistent with the law does not support an ineffective assistance of counsel claim. Ground three has no merit.

**D. Ground Four**

In ground four, Mr. Riley makes a similar argument as in ground three but reframes it: "The government attorney's [sic] . . . committed fraud on the court when they drafted and submitted erroneous jury instructions, with conflated, comingled and simply 'wrong' elements." (ECF No. 93, PageID 980.) As explained above, the § 922(g) instruction was from the Sixth Circuit Pattern Jury Instructions, and so the prosecutors committed no "fraud on the court" given the exact instruction given on § 922(g)(1) came from Sixth Circuit's guidance. (ECF No. 95, PageID 1001.) Mr. Riley's ground four is meritless.

**E. Mr. Riley's Reply Brief**

Mr. Riley's reply brief reargues his suppression motion and arguments he made on appeal to the Sixth Circuit. (*See* ECF No. 96.) That is not the purpose of a § 2255 Motion, nor is it a proper reply. *See Humphress*, 398 F.3d at 858 (stating that a § 2255 motion must demonstrate the existence of an error of constitutional magnitude to prevail); *Zep Inc. v. Midwest Motor Supply*

*Co.*, 726 F. Supp. 2d 818, 823 (S.D. Ohio 2010) (Frost , J.) (explaining reply briefs must be confined to the subject matter of the underlying motion). Nothing in the reply changes the Court's conclusion above about the effectiveness of his counsel and the jury instructions.

## IV. CONCLUSION

Ms. Menashe's representation of Mr. Riley's was competent and thorough; nothing shows that Mr. Riley experienced ineffective assistance of counsel. Mr. Riley's ground four argument is also meritless. The Court **DENIES** Mr. Riley's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 93.) Mr. Riley is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to relief. *See Huff*, 734 F.3d at 607. Finally, under Rule 11 of the Rules Governing § 2255 Proceedings and 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability because Mr. Riley has not made a substantial showing of the denial of a constitutional right.

The Clerk is **DIRECTED** to enter judgment and close Mr. Riley's § 2255 case.

**IT IS SO ORDERED.**

8/24/2026
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**